IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTGOMERY BLAIR SIBLEY      :

   v.                             : Civil Action No. DKC 2006-1222

BARBARA L. HERGENROEDER,
 ET AL.                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is Plaintiff's motion to alter or amend this court's November 17, 2006 order to dismiss (paper 26) and to amend his complaint to state a cause of action. (Paper 27). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will deny Plaintiff's motion.

**I. Background**

The factual background is fully set forth in the Memorandum Opinion issued on November 17, 2006 (paper 25), so the court will limit its recitation of the facts accordingly.

Plaintiff Montgomery Blair Sibley, acting *pro se*, filed a complaint against Defendant Barbara Hergenroeder, in her official capacity as Director of Character and Fitness for the Maryland State Board of Law Examiners, and against Defendant Melvin Hirshman, in his official capacity as Bar Counsel for the Attorney Grievance Commission of Maryland, on May 16, 2006. The complaint alleged that a number of Plaintiff's constitutional rights were

violated by (1) Defendant Hergenroeder's delay in finalizing his application for admission to the Maryland Bar pending resolution of two grievances in Florida and (2) Defendant Hirshman's determination that Plaintiff was engaged in the unauthorized practice of law because he maintained a law office in Maryland, which he used to advise out of state clients on out of state legal issues via telephone.  (Paper 1).

In an Order and accompanying Memorandum Opinion, the court dismissed Plaintiff's claims against Defendant Hergenroeder. (Papers 25 & 26).  This court held that the State Board of Law Examiners ("Board") functioned as an arm of the Court of Appeals of Maryland; and that, because Plaintiff challenged a particular application of the Board's rule, rather than the rule itself, this court lacked subject matter jurisdiction to hear that claim.

The court also dismissed all claims against Defendant Hirshman, including Plaintiff's claim that his present and future clients' First Amendment rights to hire and consult an attorney had been violated.  The court dismissed Plaintiff's First Amendment claim because he lacked standing to bring a claim on behalf of hypothetical future clients and he provided no specific factual support that his present clients had been harmed in any way. (Paper 25, at 20-21).

Plaintiff now requests that the court alter or amend its final judgment "upon a reconsideration of manifest matters overlooked or

misapprehended both as to the law and facts[.]"  (Paper 27). Plaintiff seeks leave to "amend the complaint to challenge the 'general rule' and alleged [sic] evidence of damage to clients." (*Id.*).

**II.  Analysis**

    **A.  Motion to Alter or Amend Judgment**

Plaintiff moves to alter or amend judgment under Fed.R.Civ.P. 59(e).  "There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'"  *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac. Ins. Co.*, 148 F.3d at 403; *see also Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001) ("A motion to reconsider is not a license to reargue the merits or present new evidence."  (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).

In his motion for reconsideration, Plaintiff does not allege that any legal standard relied upon in the November 17, 2006 Order has changed.  Additionally, although Plaintiff would amend the complaint to allege evidence of damage to his present clients, he does not explain why this evidence was not available earlier.

Plaintiff's arguments also fail to justify reconsideration "to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker*, 305 F.3d at 290.  Plaintiff provides no basis upon which the court could conclude that the arguments presented by his motion for reconsideration could not have been presented in his opposition to Defendants' motion to dismiss. Plaintiff's motion improperly "raise[s] arguments which could have been raised prior to the issuance of the judgment [and] argue[s] [the] case under a novel legal theory that [he] had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Therefore, Plaintiff's motion must be denied.

**B.  Motion to Amend Complaint**

Plaintiff requests leave of the court to amend his complaint pursuant to Fed.R.Civ.P. 15(a).  Because the court will deny Plaintiff's Rule 59(e) motion to alter or amendment judgment, it must also deny his motion to amend pursuant to Rule 15(a).  *See Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus., Inc.*, 889 F.2d 524, 526 (4th Cir. 1989) ("The [district] court denied [Plaintiffs'] 59(e) motion, thereby effectively denying

4

their 15(a) motion as well."). Plaintiff also failed to conform to Local Rule 6(a), which requires that a text of the proposed amended pleading accompany any motion requesting leave to file an amended pleading.

**IV. Conclusion**

For the foregoing reasons Plaintiff's motion seeking reconsideration and leave to amend the complaint will be denied. A separate Order will follow.

                                    /s/
DEBORAH K. CHASANOW
United States District Judge